UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ARTURO P. BATAC )
    Appellant, )
    )
v. ) C. A. No. 14-00556-M
    )
JOHN BOYAJIAN )
    Appellee Trustee. )

## ORDER

The matter before the Court concerns an appeal by Arturo P. Batac from several orders issued by the U.S. Bankruptcy Court for the District of Rhode Island (the Bankruptcy Court, or the court), including its ultimate dismissal of Mr. Batac's Chapter 13 bankruptcy claim. This Court examined the Bankruptcy Court's record in full for any indication of clear error in findings of fact or abuse of discretion in matters of law. Finding none, this Court upholds the Bankruptcy Court's orders and dismissal of Mr. Batac's claim in full.

### I.

On January 6, 2014, the Debtor, Arturo Batac, filed a voluntary petition for Chapter 13 bankruptcy with the Bankruptcy Court.[1] (BK ECF No. 1). Debtors who file Chapter 13 bankruptcy are often "individuals with regular income" who will pay their debt, in full or in part, in installments over time. (*Id.* at 32-33). In his petition, Mr. Batac indicated that he is currently unemployed. (*Id.* at 18, 23). However, he claimed a total monthly income of $2,507, comprised

---

[1] Citations to the bankruptcy docket are hereinafter indicated as (BK ECF No.). Citations to the instant matter before the District Court are denoted as (DC ECF No.). Mr. Batac previously filed a voluntary petition for Chapter 7 bankruptcy with the same court in 2011, Case No. 1:14-bk-10596. (BK ECF No. 1 at 2). Because Mr. Batac filed a Chapter 13 claim within four years of his Chapter 7 claim, he was ineligible for a discharge of debts pursuant to 11 U.S.C. § 1328(f). (BK ECF No. 8).

1

of a $1,701.20 monthly Social Security payment and an $805.80 monthly contribution from his son. (*Id.* at 19). Mr. Batac further stated in his petition that his total monthly expenses were $2,407, leaving a monthly net income of $100. (*Id.* at 21). On January 6, 2014, Mr. Batac requested to participate in loss mitigation with Wells Fargo (the Creditor),[2] seeking a loan modification with respect to his mortgage on a single-family property located in Cranston, RI. (BK ECF No. 6). Appellee John Boyajian (the Trustee) was appointed. (BK ECF No. 7). On January 21, 2014, Mr. Batac filed his Chapter 13 Plan. (BK ECF No. 14).

This appeal is taken from the Bankruptcy Court's rejection of Mr. Batac's Chapter 13 bankruptcy claim in toto, and its approval of his counsel's motion to withdraw, which left him to proceed pro se.[3] The issues Mr. Batac raised in his Notice of Appeal and Statement of Election involve the Bankruptcy Court's Orders Denying Confirmation of Debtor's Chapter 13 Plan and Granting the Trustee's Motion to Dismiss. (DC ECF No. 1; BK ECF No. 121). However, in a separate statement of issues filed with the Bankruptcy Court on January 9, 2015, and again in his brief of March 19, 2015, Mr. Batac also indicated his intent to appeal the court's Orders Vacating Loss Mitigation and Granting Debtor's counsel's Motion to Withdraw. (BK ECF No. 125; DC ECF No. 3). Appellant Trustee believes that only the first two issues should be

---

[2] Wells Fargo acted as an agent of the Federal National Mortgage Association (FNMA, known colloquially as "Fannie Mae"). Loss mitigation is a negotiation process between two parties that is supervised by the court to ensure participation in good faith; it does not necessarily always result in a compromise being reached. (BK ECF No. 116 at 14:05-14:30).

[3] The Creditor filed a Motion to Terminate Loss Mitigation on March 11, 2014, and the Bankruptcy Court granted it on April 10, 2014. (BK ECF Nos. 37, 46). The court allowed Michael Zabelin and Jeffrey Ankrom, Mr. Batac's counsel, to withdraw on May 6, 2014 and May 21, 2014, respectively. (BK ECF Nos. 61, 68). Additionally, the Bankruptcy Court denied confirmation of Mr. Batac's Chapter 13 Plan on May 21, 2014. (BK ECF No. 67). The Bankruptcy Court later denied Mr. Batac's Motions to Reconsider the court's orders, as well as his Amended Chapter 13 Plan. (BK ECF Nos. 77, 78, 105, 117). Finally, the Bankruptcy Court granted the Trustee's Motion to Dismiss. (BK ECF No. 118). On December 29, 2014, Mr. Batac filed with the Bankruptcy Court a Notice of Appeal and Statement of Election to have the appeal heard by this Court. (DC ECF No. 1; BK ECF No. 121).

considered on appeal. (DC ECF No. 4). However, because Mr. Batac is a pro se appellant, the Court will discuss each of the four issues raised: (1) the Order Vacating Loss Mitigation; (2) the Order Granting Debtor's counsel's Motion to Withdraw; (3) the Order Denying Confirmation of Debtor's Chapter 13 Plan; and (4) the Order Granting Trustee's Motion to Dismiss.[4]

## II.

Pursuant to 28 U.S.C. § 158, this Court has jurisdiction over appeals from final judgments of the U.S. Bankruptcy Court for the District of Rhode Island.[5] A judgment is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *In re Diruzzo*, 527 B.R. 800, 803 (B.A.P. 1st Cir. 2015) (quoting *Fleet Data Processing Corp. v. Branch (In re Bank of New Eng. Corp.)*, 218 B.R. 643, 646 (B.A.P. 1st Cir. 1998)). On matters of law, the Court must review the Bankruptcy Court's decision de novo, setting aside applications of law that are erroneous or constitute an abuse of discretion. *In re DN Assocs.*, 3 F.3d 512, 515 (1st Cir. 1993) (citing *In re Gonic Realty Trust*, 909 F.2d 624, 626–27 (1st Cir.1990)). The clearly erroneous standard applies to findings of fact. *Bank Rhode Island v. Pawtuxet Valley Prescription & Surgical Ctr., Inc.*, 386 B.R. 1, 3 (D.R.I. 2008) (citing *In re DN Assocs.*, 3 F.3d at 515). Because "[t]he bankruptcy judge is on the front line, in the best position to gauge the ongoing interplay of factors and to make the delicate judgment calls which such a decision entails," this Court will give considerable deference to its discretion and the factual

---

[4] A consequence of Mr. Batac's pro se representation during certain periods in the litigation is that he filed a series of motions challenging the Bankruptcy Court's decisions (e.g. Motions to Reconsider Orders Vacating Loss Mitigation (BK ECF Nos. 56, 71) and Motions to Reconsider Orders Denying Confirmation of Chapter 13 Plan (BK ECF Nos. 73, 108)). The Bankruptcy Court rejected all of these challenges. (BK ECF Nos. 57, 77-78, 117). The Court now considers the substance of Mr. Batac's complaints in this appeal, without respect to his choice of procedural vehicle.
[5] *In re Charbono*, No. 14-2151, 2015 WL 3653610, at *2 (1st Cir. June 15, 2015); *Goat Island S. Condo. Ass'n, Inc. v. IDC Clambakes, Inc.*, No. CA 14-245 S, 2015 WL 3631752, at *1 n.1 (D.R.I. June 10, 2015).

3

determinations thereby made. *In re Martin*, 817 F.2d 175, 182 (1st Cir. 1987); *see also In re DN Assocs.*, 3 F.3d at 515. The "clearly erroneous" standard is "formidable . . . requiring a 'strong, unyielding belief' that the bankruptcy judge made a mistake." *In re Goguen*, 691 F.3d 62, 69 (1st Cir. 2012) (quoting *Cumpiano v. Banco Santander P.R.*, 902 F.2d 148, 152 (1st Cir.1990)). A finding of fact is clearly erroneous if, despite supporting evidence, the reviewing court has a "definite and firm conviction" that a mistake was made. *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see In re PMC Mktg. Corp.*, 518 B.R. 150, 155 (B.A.P. 1st Cir. 2014).

## III.

### A. Order Vacating Loss Mitigation

Mr. Batac first challenges the Bankruptcy Court's Order Vacating Loss Mitigation. (BK ECF No. 125). Mr. Batac filed a loss mitigation request with the Bankruptcy Court on January 6, 2014, citing changed circumstances, including the ability of Mr. Batac's son to contribute financially. (BK ECF Nos. 6, 28 at 2:30-2:55). In his request, Mr. Batac agreed to comply with loss mitigation procedures and to participate in the process in good faith. (BK ECF No. 6). Following a hearing, the court granted Mr. Batac's Request for Loss Mitigation. (BK ECF No. 29). The Bankruptcy Court placed conditions on its order, requiring, among other things, that Mr. Batac complete a formal loan modification application describing the contributions of income to be made, with documentation, by March 10, 2014. (BK ECF Nos. 28 at 4:04-5:10, 30). Ultimately, the court granted Creditor's Motion to Terminate Loss Mitigation over Mr. Batac's objections.[6] Mr. Batac's subsequent efforts to vacate the order and gain reconsideration

---

[6] At a hearing on April 9, 2014, the Bankruptcy Court granted the Creditor's motion and issued an order on April 10, 2014. (BK ECF Nos. 37, 42, 45-46).

4

were rejected.[7] Mr. Batac did not appeal this matter, and the order became final. (BK ECF No. 90 at 4:50-5:30; 7:10-10:00).[8]

Mr. Batac challenges the court's termination of loss mitigation on two bases. First, he contends that he did not receive adequate representation from his lawyer, who "conspired" with others to provide the Bankruptcy Court with "misleading information." (DC ECF No. 3). Second, he contends that the Bankruptcy Court erred in vacating loss mitigation. (*Id.*).

In 1981, the U.S. Supreme Court ruled that the Sixth Amendment right to appointed counsel does not automatically apply to indigent litigants in civil cases. *Lassiter v. Dep't of Soc. Servs. of Durham Cnty.*, 452 U.S. 18 (1981).[9] Finding no authorization of appointed counsel for individual debtors in the Bankruptcy Code, Bankruptcy Rules, or Federal Rules of Civil Procedure, the First Circuit extended this ruling to bankruptcy cases. *In re Colon Martinez*, 472 B.R. 137, 143 (B.A.P. 1st Cir. 2012) (citing *Lussier v. Sullivan (In re Sullivan)*, 455 B.R. 829, 836 (1st Cir. BAP 2011)). With no right to counsel in the bankruptcy context, a debtor cannot

---

[7] The court denied Mr. Batac's first Motion to Reconsider Order Vacating Loss Mitigation without prejudice. (BK ECF Nos. 56-57). The court held a hearing on June 26, 2014 and issued an order denying Mr. Batac's second Motion to Reconsider on June 27, 2014, finding no basis upon which to vacate its previous order. (BK ECF Nos. 71, 77). The court stated that Rhode Island's Loss Mitigation Program and Procedures permits "termination for cause if it is shown that further negotiations would be futile." (BK ECF No. 116 at 25:50-26:30 (quoting *In re Sosa*, 443 B.R. 263, 268 (Bankr. D.R.I. 2011)).

[8] At a November 6, 2014 hearing, the Creditor stated that Mr. Batac made a direct request to reinstate loss mitigation. (BK ECF No. 105 at 1:35-2:05). The Creditor formally denied this request, due to "insufficient documents" to support Mr. Batac's claim—originally made in his initial Chapter 13 petition—that he received additional monthly contributions from his son. (*Id.*; BK ECF No. 1). During the court's December 17, 2014 hearing on the Trustee's Motion to Dismiss, the Trustee indicated that loss mitigation talks between Mr. Batac and the Creditor had resumed. (BK ECF No. 116 at 2:00-2:40). However, these talks transpired outside of the litigation and were removed from the court's supervision. (*Id.*).

[9] In unusual circumstances, as determined by the courts on a case-by-case basis, due process requires appointment of counsel when the litigant's interest is strong, the government's interest is low, and the risk of error is high. *Lassiter*, 452 U.S. at 31 (discussing the three-factor test for determining whether administrative procedures comply with due process, set forth by the Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319, 334-335 (1976)).

claim ineffective assistance of counsel. *In re Sullivan*, 455 B.R. at 836 (finding debtor's claim of ineffective assistance of counsel at trial meritless). Moreover, this record does not support a claim of inadequate counsel, nor is there any evidence of conspiracy. Therefore, Mr. Batac's objection is not sustainable on this basis.

Regarding Mr. Batac's second argument, this Court has reviewed the Bankruptcy Court's transcripts and documents and finds that the facts set forth by that court to justify its Order Vacating Loss Mitigation were not erroneous. The court initially granted Mr. Batac's loss mitigation request "on a very, very short string," following three prior reviews, including a failed loss mitigation attempt. (BK ECF No. 28 at 3:22-3:35). Mr. Batac failed to return a fully completed loan modification application by the designated date, a condition the Bankruptcy Court specifically placed upon him in granting his request for loss mitigation. (BK ECF No. 45 at 0:16-1:00). Despite Mr. Batac's claim of changed financial circumstances, based on a monthly contribution from his son, he ultimately chose not to file the necessary documents demonstrating this contribution. (*Id.*; DC ECF No. 1 at 35-36). As a result, Mr. Batac's application remained incomplete, and neither the Creditor nor the Bankruptcy Court could move forward with loss mitigation. Without his son's contribution, Mr. Batac's income was insufficient to support his loan modification. Therefore, the Bankruptcy Court's decision to vacate the loss mitigation process was not clearly erroneous.

**B.    Order Granting Debtor's Counsel's Motion to Withdraw**

Next, Mr. Batac contends that the Bankruptcy Court erred in granting his counsel's Motion to Withdraw. (BK ECF No. 125). Mr. Batac retained Jeffrey Ankrom as counsel through Rhode Island Legal Services from the initial filing of his Chapter 13 petition on January 6, 2014. (BK ECF No. 1). On this date, Mr. Batac and Mr. Ankrom filed a Chapter 13

Agreement Between Debtor and Counsel, in which Mr. Batac agreed to provide his counsel with accurate financial information. (BK ECF No. 4). On February 13, 2014, Michael Zabelin, also an attorney with Rhode Island Legal Services, filed a Notice of Appearance on Behalf of Debtor. (BK ECF No. 24). Two months later, on April 17, 2014, both attorneys filed Motions to Withdraw as Counselor for Debtor, stating that the attorney-client relationship had "broken down" to the point where neither attorney could represent Mr. Batac "in accord with the Professional Rules of Conduct." (BK ECF Nos. 50, 52).

After hearing from each attorney, the Bankruptcy Court granted both Motions to Withdraw. (BK ECF Nos. 60-61, 68). The Bankruptcy Court agreed that there was a fundamental disagreement in strategy, pointing to Mr. Batac's assertion that Mr. Ankrom had allegedly misled him and to Mr. Ankrom's inability to comply with his ethical obligations while continuing to represent Mr. Batac. (BK ECF Nos. 66 at 0:45-6:30; 59). Finding that it could not force Mr. Ankrom or any other attorney from Legal Services to represent Mr. Batac if his chosen plan was determined to be unethical, inappropriate, or infeasible under law, the Bankruptcy Court required Mr. Batac to proceed on his own or find new counsel. (*Id.* at 2:15-2:51; 13:30-13:45).

As discussed above, debtors do not have a constitutional right to counsel in bankruptcy cases. *In re Colon Martinez*, 472 B.R. at 143; *In re Sullivan*, 455 B.R. at 836. When a debtor initially obtains representation but loses it, the First Circuit has allowed the debtor to proceed with the case pro se. *In re Colon Martinez*, 472 B.R. at 140 (permitting counsel to withdraw due to ineffective attorney-client communication). Based on the reasons set forth by the Bankruptcy Court in the May 21, 2014 hearing, and on the appellant's own statements regarding the matter,

7

this Court finds that the Bankruptcy Court did not abuse its discretion in granting counsel's Motions to Withdraw.

### C. Orders Denying Confirmation of Debtor's Chapter 13 Plans

Mr. Batac also challenges the Bankruptcy Court's Orders Denying Confirmation of his Chapter 13 Plan. (DC ECF No. 1; BK ECF No. 125). Mr. Batac filed his original Chapter 13 Plan on January 21, 2014, agreeing to make payments of $100 per month for 36 months. (BK ECF No. 14). The Trustee filed an Objection to the Confirmation of Mr. Batac's Chapter 13 Plan on the grounds that it was "not feasible." (BK ECF No. 22). The Creditor also filed an Objection, stating that the plan was based on a loan modification that had not yet been finalized and was not necessarily possible. (BK ECF No. 23). Additionally, the Creditor claimed that the plan did not provide for payment on the Debtor's mortgage, including a pre-petition arrearage in excess of $120,000 and an unpaid principal balance of over $189,000. (*Id.*) At a hearing on May 21, 2014, the Creditor and the Trustee objected to confirmation of the plan, because it depended on the loss mitigation process, which had been terminated. (BK ECF No. 66 at 11:20-12:40). Mr. Batac's counsel agreed with this assertion. (*Id.*). The Bankruptcy Court stated that it had "no alternative but to deny confirmation" of the current plan, but that it would allow Mr. Batac two weeks to file an amended plan. (*Id.* at 12:55-13:30; BK ECF No. 67). Mr. Batac's amended plan was based on the same financial information he previously submitted, and was therefore denied.[10]

---

[10] The Creditor objected to Mr. Batac's June 4, 2014 Motion to Reconsider, alleging that it was not timely filed and that Mr. Batac failed to state a basis for the motion. (BK ECF Nos. 73, 74). After a hearing on June 6, 2014, the court denied Mr. Batac's Motion, finding "no basis to vacate its prior order," and ordering Mr. Batac to file an amended Chapter 13 plan by July 28, 2014. (BK ECF No. 78). Mr. Batac failed to comply with the court's order, and on July 29, 2014, the court entered an Order to Show Cause Why Debtor's Case Should Not be Dismissed for Failure to File an Amended Chapter 13 Plan. (BK ECF No. 81). At a September 3, 2014 hearing, the

8

On September 22, 2014, Mr. Batac filed a second amended Chapter 13 plan. (BK ECF No. 95). Although the amended plan was filed past the court's deadline, the court permitted Mr. Batac to continue, because he was "not an electronic filer," and he filed only one day late. (BK ECF No. 96). The Trustee objected to the confirmation of the amended plan, on the grounds that it was "not feasible," due in part to Mr. Batac's "very limited" income. (BK ECF Nos. 98, 105 at 0:50-1:30). The Creditor also objected to the confirmation of the amended plan, because the plan did not provide for ongoing contractual payments on Mr. Batac's pre-petition arrearage of approximately $122,000 and his total debt claim in excess of $294,000. (BK ECF No. 99). At a hearing on November 6, 2014, the Bankruptcy Court denied confirmation of Mr. Batac's amended plan. (BK ECF No. 105 at 4:45-5:45, 6:40-7:20). The court stated that it had "no legal power" to enforce the plan, because it was based on a non-existent loan modification process and failed to cure the arrearage or provide for future mortgage payments. (*Id.*). The court again gave Mr. Batac two weeks to fix these problems and file again. (BK ECF No. 105 at 6:30-7:00). Instead of filing another plan, Mr. Batac filed a Motion to Reconsider, which was denied.[11]

The Bankruptcy Court's decision not to confirm Mr. Batac's Chapter 13 plans was not clearly erroneous. Mr. Batac repeatedly submitted Chapter 13 plans that were dependent upon a loan modification, despite the fact that the loss mitigation process had long been terminated. Additionally, the court was appropriately lenient with Mr. Batac, particularly following the

---

court again informed Mr. Batac that he had to file a plan or his case would be dismissed, granting him two additional weeks to file, with or without an attorney. (BK ECF No. 90 at 3:35-4:45; BK ECF No. 92).

[11] The Trustee objected to Mr. Batac's Motion to Reconsider on the grounds that his arguments remained the same, stating that he "does not have the capability of submitting a plan to this Court which can be confirmed." (BK ECF Nos. 108, 113). The court denied Mr. Batac's Motion to Reconsider at a December 17, 2014 hearing, stating that Mr. Batac put forth the same arguments that were previously denied; that Mr. Batac still could not afford to pay the debts he owed; and that his plan hinged on the terminated loss mitigation process. (BK ECF No. 116 at 5:30-8:30; BK ECF No. 117).

withdrawal of his counsel. (BK ECF No. 116 at 9:20-9:50). The court afforded Mr. Batac numerous opportunities to revise his Chapter 13 plan, allowed him to explain his arguments in hearings following every motion, and permitted him to proceed despite missed deadlines. The court was transparent in its approach to this matter, and sought to make the record clear for Mr. Batac's benefit on appeal. (BK ECF No. 116 at 9:50-10:30). Despite the court's willingness to work with Mr. Batac, it could not make him eligible for Chapter 13 bankruptcy. Mr. Batac's pro se status can neither "excuse nor justify his failure[]" to comply with court orders and deadlines, as "there are limits to a court's indulgence." *In re Colon Martinez*, 472 B.R. at 146 (quoting *In re WorldCom, Inc.*, No. 02–13533, 2006 WL 3782712, at *5 (Bankr.S.D.N.Y. Dec. 21, 2006)). The facts as determined by the Bankruptcy Court show that Mr. Batac has failed to provide evidence of an income sufficient to support his Chapter 13 plan. (BK ECF No. 105 at 4:45-5:45, 6:40-7:20). Therefore, the court's Order on this matter was not clearly erroneous.

### D. Order Granting Trustee's Motion to Dismiss

Finally, Mr. Batac appeals the Bankruptcy Court's Order Granting the Trustee's Motion to Dismiss. (DC ECF No. 1; BK ECF No. 125). On November 7, 2014, the Trustee filed a Motion to Dismiss pursuant to 11 U.S.C. § 1307(c), which allows a court to convert or dismiss a case for cause, whichever is in the best interest of the Creditor.[12] (BK ECF No. 106). The Trustee stated the cause for dismissal as the "inability of the debtor to propose a plan capable of confirmation." (*Id.*). At a hearing on December 17, 2014, the court granted the Trustee's

---

[12] The Trustee first submitted a Motion to Dismiss the Chapter 13 proceedings on August 6, 2014, citing Mr. Batac's failure to comply with 11 U.S.C. § 1326(a)(1), which required him to make monthly payments upon filing his petition. (BK ECF No. 83). The court ordered Mr. Batac to cure the post-petition arrearage or the case would automatically be dismissed. (BK ECF No. 91).

10

Motion to Dismiss, finding that cause for dismissal existed, because Mr. Batac could not file a confirmable plan under the requirements of 11 U.S.C. § 1352.[13]

The Bankruptcy Court's Order Granting the Trustee's Motion to Dismiss is not clearly erroneous. Mr. Batac contends that the case should not have been dismissed, because his Chapter 13 plan depended upon loss mitigation that was wrongly terminated, and because his counsel should not have been permitted to withdraw. (DC ECF No. 3). However, because this Court has already found that these orders were properly made, Mr. Batac's appeal on this issue must also fail. In granting the Trustee's Motion to Dismiss, the Bankruptcy Court pointed specifically to 11 U.S.C. § 1307(c)(1), "unreasonable delay by the debtor that is prejudicial to creditors," as cause for dismissing Mr. Batac's case. (BK ECF No. 116 at 30:00-33:15). This Court agrees that the action was pending in Bankruptcy Court for nearly a year, and that Mr. Batac had numerous opportunities to propose a confirmable plan. Unfortunately, Mr. Batac failed to demonstrate the necessary available income to support his Chapter 13 bankruptcy plan without obtaining a loan modification through loss mitigation, a process that was appropriately dismissed by the court mid-way through the litigation.

**Conclusion**

In reviewing the record in its totality, this Court is left with neither a "strong, unyielding belief" nor a "definite and firm conviction" that the Bankruptcy Court ruled in error on factual matters, or abused its discretion regarding matters of law. *In re Goguen*, 691 F.3d at 69; *In re*

---

[13] BK ECF No. 116 at 28:23-31:25 (citing *In re Povah*, 455 B.R. 328 (Bankr. D. Mass. 2011) (denying conversion to Chapter 13 due to debtor's inability to obtain confirmation of her Chapter 13 plan); *In re Merhi*, 518 B.R. 705 (Bankr. E.D.N.Y. 2014) (finding cause under 11 U.S.C. §1307(c)(1) where debtor's inability to propose a confirmable plan caused delay and prejudice to creditors)); BK ECF No. 118. The court found that the Trustee met his burden of proof in showing cause to support his Motion to Dismiss. (BK ECF No. 116 at 33:40-34:52).

*PMC Mktg. Corp.*, 518 B.R. at 155; *In re DN Assocs.*, 3 F.3d at 515. For the foregoing reasons, this Court affirms the Bankruptcy Court on each of the four issues considered on appeal: (1) the Order Vacating Loss Mitigation; (2) the Order Granting Debtor's counsel's Motion to Withdraw; (3) the Order Denying Confirmation of Debtor's Chapter 13 Plan; and (4) the Order Granting Trustee's Motion to Dismiss. This matter is dismissed.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

July 1, 2015